UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KESHAN BRANCH,<br><br>  Plaintiff,<br><br>  v.<br><br>TOWNSELL, et al.,<br><br>  Defendants. | No. 2:14-cv-2493 JAM CKD P<br><br><br><br>ORDER |

Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1 exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

      In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

      Here, plaintiff alleges that two officers at the Solano County Jail violated his federal civil rights by using racial slurs and mishandling his legal mail on October 3, 2014.  (ECF No. 1.)

/////

1       First, mere verbal harassment or abuse, including the use of racial epithets, does not
2  violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983.
3  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).
4       Second, prisoners have "a First Amendment right to send and receive mail." Witherow v.
5  Paff, 52 F.3d 264, 265 (9th Cir. 1995).  However, an isolated incident of mail interference or
6  tampering usually does not support a claim under section 1983 for the violation of a constitutional
7  right.  See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003) (isolated incident of mail tampering
8  usually insufficient to state claim); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir.1997)
9  (isolated incident of opening legal mail without evidence of improper motive or resulting
10 interference with access to courts or right to counsel does not support a claim); Smith v.
11 Maschner, 899 F.2d 940, 944 (10th Cir. 1990) (isolated incident of opening one piece of legal
12 mail in error does not rise to level of constitutional violation); Saenz v. Chavez, 1:11-cv-01872-
13 SKO, 2013 WL 1832680, *5 (E.D. Cal. May 1, 2013).
14      Applying these standards, the undersigned concludes that plaintiff fails to state a
15 cognizable claim against any defendant.  Plaintiff's complaint must be dismissed.  The court will,
16 however, grant leave to file an amended complaint.
17      Plaintiff should note that although he has been given the opportunity to amend, it is not for
18 the purpose of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  If
19 plaintiff chooses to amend the complaint, he should carefully read this screening order and focus
20 his efforts on curing the deficiencies set forth above.
21      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
22 complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.
23 Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how
24 each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there
25 is some affirmative link or connection between a defendant's actions and the claimed deprivation.
26 Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
27 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
28 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

1    Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

       In accordance with the above, IT IS HEREBY ORDERED that:

       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County, filed concurrently herewith.

       3.  Plaintiff's complaint is dismissed.

       4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  November 20, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / bran2493.14.new